UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES COLBERT,<br><br>                   Petitioner,<br><br>     v.<br><br>AMY MILLER, Warden, California State Prison - Centinela,<br><br>                   Respondent. | Civil No. 12-2941 LAB (BGS)<br><br>**REPORT AND RECOMMENDATION RE: RESPONDENT'S MOTION TO DISMISS** |

## I. INTRODUCTION

Petitioner Charles Colbert ("Petitioner"), a state prisoner proceeding pro se, filed a Petition for Writ of Habeas Corpus ("the Petition") pursuant to 28 U.S.C. § 2254 challenging the validity of the destruction of biological evidence used in his initial conviction. [Doc. No. 1.] On April 9, 2013, Respondent Amy Miller ("Respondent") filed the pending motion to dismiss, arguing that Colbert's federal habeas petition is time-barred under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). [Doc. No. 7.] On May 15, 2013, Colbert filed an opposition to the motion. [Doc. No. 11.] The Court has considered all documentation and relevant legal authority supporting this case. For the foregoing reasons, the Court recommends that Respondent's motion be **GRANTED** and the Petition be **DISMISSED** with prejudice.

////

## II. FACTUAL AND PROCEDURAL BACKGROUND

In 1977, Petitioner was sentenced by a jury to life without the possibility of parole for murder in the first degree with special circumstances in violation of Penal Code § 190.2(3)(iii), (Lodgment 1 at 95), two counts of rape in violation of Penal Code § 261, sodomy in violation of Penal Code § 286(c), and two counts of oral copulation in violation of Penal Code § 288a(c) involving two victims, (Lodgment 1 at 68-74).

In 1984, Petitioner filed a state habeas petition challenging the trial court's failure to exercise its discretion to dismiss the special circumstances from his initial conviction. (Lodgment 4.) The San Diego County Superior Court denied this petition on March 22, 1984. (Lodgment 7.) About nineteen years later, on April 13, 2003, Petitioner filed another state habeas petition at the San Diego County Superior Court claiming that a statute used for his sentence was not valid at the time of his arrest. (Lodgment 8.) The petition was denied on April 22, 2003. (Lodgment 9.)

On May 13, 2003, Petitioner filed a habeas petition with the California Court of Appeal, Third Appellate District, case C054955, claiming that prison officials did not process his inmate appeal grievances concerning theft of his property while in prison. (Lodgment 10.) Clearly, that petition does not address or challenge his underlying conviction. The petition was denied on July 25, 2003. (Lodgment 11.) On August 3, 2003, Petitioner filed another habeas petition with the California Supreme Court, case S151136, (Lodgment 12), on the same unrelated prison issues, which was denied on March 30, 2004, (Lodgment 13).

On November 19, 2011, Petitioner filed a habeas petition in the San Diego County Superior Court claiming his rights were violated when biological evidence pertaining to his conviction was destroyed in 1985. (Lodgment 18.) The petition was denied on December 22, 2011 for untimeliness, the absence of new facts, and the lack of evidence to support his claims. (Lodgment 19.) On March 19, 2012, Petitioner again filed a habeas petition in the San Diego County Superior Court claiming he was denied access to DNA evidence testing that would have cast doubt on his guilt or proved his innocence.

(Lodgment 20.) It was denied on May 4, 2012 for untimeliness and lack of evidence to substantiate his claim. (Lodgment 21.) On May 18, 2012, Petitioner filed a petition in the California Court of Appeal, case D062010, claiming that he had newly presented evidence. (Lodgment 22.) The petition was denied on June 7, 2012 for lack of evidence to support his claim. (Lodgment 23.) On July 18, 2012, Petitioner filed a habeas petition with the California Supreme Court, case S204209, claiming that new techniques in DNA analysis are available but the evidence from his case has been destroyed. (Lodgment 27.) The petition was denied on November 14, 2012. (Lodgment 28.)

Petitioner filed the current petition in the United States District Court on December 10, 2012 claiming that the destruction of biological evidence violated his rights and that the state courts failed to consider his petitions in light of newly presented evidence. [Doc. No. 1.] On April 9, 2013, Respondent moved to dismiss the Petition on the basis that it is untimely under federal law since the AEDPA statute of limitations has long since passed. [Doc. No. 7.] On May 15, 2013, Petitioner filed a response in opposition to the motion to dismiss, arguing that he has exhausted his state remedies and that the federal court should permit the Petition in light of his constitutional right to prove his innocence. [Doc. No. 11.]

### III. MOTION TO DISMISS

Respondent moves to dismiss the Petition because it is untimely. Respondent argues that AEDPA applies because the Petition was filed after the act's enactment on April 24, 1996. [Doc. No. 7 at 4.] State inmates convicted prior to AEDPA's enactment are given one year from its enactment to file a federal habeas corpus petition, specifically until April 24, 1997. [*Id.* at 5.] The Petition was filed in federal court in 2012, which according to Respondent, falls far outside the statute of limitations since no tolling exceptions apply. [*Id.*]

In opposition to Respondent's motion to dismiss, Petitioner acknowledges that the Petition was delayed but alleges that the Court must consider it because his claims are constitutional issues that were not raised during trial or on appeal. [Doc. No. 11 at 6.]

Furthermore, Petitioner states that he is an unsophisticated litigant and requests that the Court review the matter on its merits. [*Id.*]

### IV. ANALYSIS

The enactment of AEDPA on April 24, 1996 amended 28 U.S.C. § 2244 by adding the following section:

> (d) (1) A 1–year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

**A. Statutory Tolling**

The statute of limitations set forth above applies to all federal habeas corpus petitions filed after the act's enactment in 1996. *See Patterson v. Stewart*, 251 F.3d 2343, 1246 (9th Cir. 2001). State prisoners convicted prior to AEDPA's enactment are given a one-year grace period to file their federal petitions, which yields the deadline of April 24, 1997 in the absence of applicable tolling. *Id.*; *Malcom v. Payne*, 281 F.3d 951, 955 (9th Cir. 2002). The one-year grace period applies to Petitioner because his conviction was finalized in 1977 before AEDPA was in force.

Pursuant to 28 U.S.C. § 2244(d)(2), when a petition is properly filed with a state court, the statute of limitations for the one-year grace period may toll to the extent that

the petition remains pending. Since his conviction, Petitioner has filed multiple petitions with the state courts for various claims. (*See* Lodgments 4-28.) Petitioner filed each petition, however, years after the statute of limitations already expired, which deemed them all untimely to qualify for any tolling.[1] The initial claims regarding the destruction of biological evidence were raised in the state court in 2011 and were denied for untimeliness and lack of new facts and evidence. (Lodgments 18-28.) Even if the claim's pending time in state court tolled the statute of limitations from 2011 until the present, the initial filing would still be late by nearly 14 years. Thus, the instant federal petition is time-barred under AEDPA's one-year statute of limitations unless equitable tolling exceptions apply.

**B. Equitable Tolling**

The one-year AEDPA statute of limitations may be subject to equitable tolling in appropriate cases. *Holland v. Florida*, 130 S.Ct. 2549, 2560 (2010). The court may grant equitable tolling if the petitioner shows that (1) he has been pursuing his rights diligently, and (2) some extraordinary circumstance stood in his way, preventing timely filing. *Id.* (quoting *Pace v. DiGuglielmo*, 544 U.S. 408 (2005)). Equitable tolling is justified sparingly in few cases and the burden of proof rests with the petitioner. *Spitsyn v. Moore*, 345 F.3d 796, 798 (9th Cir. 2003); *Miranda v. Castro*, 292 F.3d 1063, 1066 (9th Cir. 2002).

Given the factors necessary to warrant equitable tolling, Petitioner has not met the burden of proof necessary to demonstrate his entitlement to tolling. Petitioner has not justified the fifteen-year lapse in time from AEDPA's enactment in 1996 until his state filing in 2011. [*See* Doc. No. 11.] Even after receiving confirmation of the destruction of evidence in August 2008, Petitioner waited three years to file the current claim with the state court. The delay in taking action indicates a lack of diligence in pursuing his rights. As for the extraordinary circumstance requirement, Petitioner does not give any reason for the lateness beyond the fact that he is an unsophisticated litigant. [Doc. No.

---

[1] Petitioner filed his first petition on April 13, 2003, nearly six years beyond the limitation period. *See* Procedural Background.

11.] Courts have found that even faulty material recommendations by a petitioner's appointed counsel do not qualify as extraordinary circumstances for equitable tolling. *Miranda,* 292 F.3d at 1068. Accordingly, Petitioner's unsophisticated litigant claim does not meet the extraordinary circumstance requirement as it is not more unique than a petitioner's reliance on faulty legal advice. Equitable tolling is therefore not appropriate or applicable in this case.

**C. Actual Innocence**

Petitioners may be excused of the statute of limitations set by AEDPA upon credible showing of "actual innocence," and may thus have their otherwise time-barred claims heard. *Lee v. Lampert*, 633 F.3d 929, 931 (9th Cir. 2011). Under the Supreme Court's ruling in *Schlup v. Delo*, 513 U.S. 298, 327 (1995), actual innocence claims must be based on new reliable evidence not presented at trial that would make it "more likely than not that no reasonable juror would have convicted him in the light of the new evidence." The threshold requirement is not merely to show that reasonable doubt exists, but to show that given the new evidence, the jury would have gone the other way in its decision. *Id.* at 329.

In *Lampert*, the Court considered but found against the petitioner's claim of innocence despite the introduction of three new items of evidence because they were not significant enough to persuade a reasonable jury in petitioner's favor. 633 F.3d at 945. In contrast, Petitioner has not provided any new evidence and states instead that he maintained his innocence throughout his conviction and that the destroyed evidence could have established his innocence. [Doc. No. 1.] The standard for establishing actual innocence is clear. Petitioner must present new credible evidence that would convince a reasonable jury that Petitioner is not guilty. *Schlup*, 513 U.S. at 329. Petitioner has not brought forth any new evidence for consideration, much less any that would more likely than not cause a reasonable jury to find against guilt. The actual innocence threshold has not been met in this case and is therefore not an appropriate remedy.

////

### D. Evidentiary Hearing

Lastly, Petitioner requests an evidentiary hearing. After the enactment of AEDPA, the revised 28 U.S.C. § 2254(e)(2) provides that the federal court shall not hold an evidentiary hearing on a claim if the petitioner has failed to develop its factual basis in state court proceedings. In *Baja v. Ducharme*, 187 F.3d 1075, 1079 (9th Cir. 1999), the court found that the petitioner's failure to substantiate his claims in state court despite prior opportunity to do so resulted in the failure to develop the basis of his claim within the meaning of 28 U.S.C. § 2254(e). Similarly, Petitioner had the chance to present his case fully in state court, but the courts continually dismissed his petition for lack of evidence to substantiate his claims and failure to make the requisite prima facie showing. (Lodgments 18-28.) Petitioner's conclusory allegations regarding the "newly presented evidence," which in this case is the mere existence of DNA tests, does not meet the standard for an evidentiary hearing.

The failure to develop the factual basis of a claim may, however, be excused under 28 U.S.C. § 2254(e)(2) if the petitioner's claim relies on a new rule of constitutional law or a factual predicate not discoverable through due diligence. As required by the *Schlup* standard for actual innocence, facts underlying the claim must establish by clear and convincing evidence that but for constitutional error, no reasonable jury would have found petitioner guilty. 28 U.S.C. § 2254(e)(2). Petitioner does not qualify for this exception because he does not provide new evidence for review, and consequently does not provide facts that would persuade a reasonable jury to find for innocence. Petitioner does not meet the *Schlup* standard (as analyzed above), and therefore has not established a basis for an evidentiary hearing. *See Majoy v. Roe*, 296 F.3d 770, 775 (9th Cir. 2002). The Court hereby **recommends** that the request for an evidentiary hearing also be **DENIED**.

////
////
////

**CONCLUSION AND RECOMMENDATION**

For the reasons stated above, the Court recommends that Respondent's Motion to Dismiss be **GRANTED** and the Petition against Warden Miller be **DISMISSED** with prejudice.

This Report and Recommendation of the undersigned Magistrate Judge is submitted to the United States District Judge assigned to this case, pursuant to 28 U.S.C. § 636(b)(1).

IT IS HEREBY ORDERED that no later than August 15, 2013, any party to this action may file written objections with the Court and serve a copy on all parties. The document should be captioned "Objections to Report and Recommendation."

IT IS FURTHER ORDERED that any reply to the objections shall be filed with the Court and served on all parties within 14 days of being served with the objections. The parties are advised that failure to file objections within the specified time may waive the right to raise those objections on appeal of the Court's order. *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

DATED: August 8, 2013

Hon. Bernard G. Skomal
U.S. Magistrate Judge
United States District Court