# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES COLBERT,<br><br>                              Petitioner,<br>       vs.<br><br>AMY MILLER,<br><br>                              Respondent. | CASE NO. 12cv2941-LAB (BGS)<br><br>**ORDER OVERRULING OBJECTIONS TO REPORT AND RECOMMENDATION; AND**<br><br>**ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS** |

Petitioner Charles Colbert, a prisoner in state custody, was convicted in 1977 of first degree murder, two counts of rape, and two counts of oral copulation. After filing a number of unsuccessful habeas petitions, Colbert filed his petition in this Court on December 1, 2012.

Pursuant to 28 U.S.C. § 636 and Fed. R. Civ. P. 72(b), this matter was referred to Magistrate Judge Bernard Skomal for report and recommendation. Respondent moved to dismiss the petition as time-barred. Judge Skomal on August 8, 2013, issued his report and recommendation (the "R&R"), which recommended granting Respondent's motion. After an extension of time to object to the R&R, Colbert has now filed his objections.

**Legal Standards**

A district court has jurisdiction to review a Magistrate Judge's report and recommendation on dispositive matters. Fed. R. Civ. P. 72(b). "The district judge must

determine de novo any part of the magistrate judge's disposition that has been properly objected to." *Id.* "A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). The Court therefore reviews de novo those portions of the R&R to which specific written objection is made. *United States v. Reyna–Tapia*, 328 F.3d 1114, 1121 (9th Cir.2003) (en banc). "The statute makes it clear that the district judge must review the magistrate judge's findings and recommendations de novo *if objection is made*, but not otherwise." *Id.*

As discussed in the R&R, because Colbert's conviction was final in 1977, AEDPA's one-year limitations period began to run in 1996. Unless he is entitled to tolling or unless he can show "actual innocence," his petition is time-barred by many years.

**Discussion**

Colbert's objections don't contest most of the R&R's findings and recommendations, which the Court therefore **ACCEPTS** as correct, and **ADOPTS**.

His sole argument pertains to physical evidence that was destroyed in 1985. His claim is that it was destroyed in violation of state law, and that if it had been preserved, it could have undergone DNA testing and established his innocence. He claims that pursuant to Cal. Penal Code § 1417.9, state officials were obligated to inform him of their intent to destroy the evidence, and that because they didn't, his extreme delay in filing this petition is excused. Colbert also argues that because AEDPA's one-year limitations period is not jurisdictional, the Court is free to overlook the lateness of his petition.

Colbert's claim fails for numerous reasons. First, the evidence Colbert points to was destroyed in 1985, eight years after his conviction was final. The state statute he cites was enacted fifteen years later, in 2000. State officials did not violate the statute by destroying the evidence. In addition, federal habeas relief is not available to correct errors of state law. *See Swarthout v. Cooke*, 131 S.Ct. 859, 861 (2011).

Even assuming Colbert had a recognized right to notification of the evidence's destruction, he was notified in 2008, yet he didn't bother to file a petition in state court until 2011. The only reason he gives for waiting so long is that he is an unsophisticated litigant.

1  But lack of sophistication is not a basis for tolling. *See Raspberry v. Garcia*, 448 F.3d 1150,
2  1154 (9th Cir. 2006) ("[A] pro se petitioner's lack of legal sophistication is not, by itself, an
3  extraordinary circumstance warranting equitable tolling.")

4     Colbert cannot establish actual innocence because the only evidence he points to is
5  the evidence that was routinely destroyed in 1985. His speculation about what that evidence
6  might have shown if it were subjected to DNA analysis does not meet the standard.  He is
7  also not entitled to an evidentiary hearing, because he would have nothing to present at that
8  hearing.

9  **Conclusion and Order**

10     For these reasons, Colbert's objections to the R&R are **OVERRULED**. The Court
11  **ADOPTS** the R&R, and **GRANTS** the motion to dismiss. The petition is **DENIED**.

12

13     **IT IS SO ORDERED**.

14  DATED:  February 10, 2014

15

16  **HONORABLE LARRY ALAN BURNS**
   United States District Judge

17

18

19

20

21

22

23

24

25

26

27

28